UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JD THOMPSON, III (#106841)     CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.     25-545-JWD-RLB

## ORDER

The *pro se* Plaintiff, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights are being violated due to exposure to environmental tobacco smoke ("ETS"). Plaintiff will be ordered to amend his Complaint as set forth below.

### Exposure to ETS

In order to plead an Eighth Amendment violation for exposure to unreasonably high levels of ETS, a prisoner must satisfy a two-prong test. *Helling v. McKinney*, 509 U.S. 25, 35–36 (1993). First, a prisoner must prove objectively that he is being exposed to unreasonably high levels of ETS. *Id.* at 35. Making this showing "requires more than a scientific and statistical inquiry into the seriousness of the potential harm" caused by exposure to ETS. *Id.* at 36. "It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* Second, the prisoner must show subjectively that prison authorities demonstrated "deliberate indifference" to his plight, determined "in light of the prison's current attitude and conduct," including the adoption and enforcement of a no-smoking policy and the realities of prison administration. *Id.* at 36; *Fletcher v. Collins*, 55 F.3d 632 (5th Cir. 1995), 1995 WL 313933, at *1.

**Deliberate Indifference**

Deliberate indifference requires that a prison official actually knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). The official must both be aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and he must also actually draw the inference. *Id.* at 837. Although the adoption of a smoking policy bears heavily on the inquiry into deliberate indifference, so also does the question of enforcement thereof. *See Helling v. McKinney,* 509 U.S. at 36–37.

**Personal Involvement**

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative

wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

### Plaintiff's Amended Complaint

In the present matter, the plaintiff has made no allegations in his Amended Complaint regarding the level of environmental tobacco smoke to which he is allegedly being or has been exposed. Accordingly, the plaintiff's complaint currently fails to satisfy the first prong of the *Helling* test, which requires the plaintiff to demonstrate that he is or was being exposed to unreasonably high levels of environmental tobacco smoke.

The plaintiff has also failed to sufficiently allege that any of the named defendants have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. The plaintiff does not assert that any of the defendants has been subjectively aware of the extent of his exposure to ETS. Nor does the plaintiff make any allegations regarding a smoking policy or lack of enforcement thereof. Accordingly,

**IT IS ORDERED** that, within 21 days of the date of this Order, plaintiff shall amend his Complaint by: (1) stating facts regarding the level of environmental tobacco smoke to which he is allegedly being or has been exposed; 2) stating facts detailing how each defendant was personally involved and deliberately indifferent to the plaintiff's exposure to ETS.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on January 14, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**